IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XANG SACKSITH, | : | CIVIL ACTION NO. **1:CV-12-2543** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On December 19, 2012, Petitioner Xang Sacksith, an inmate at USP-Canaan, Waymart, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner also filed a lengthy 44-page typed Memorandum in support of his habeas petition with his Affidavit attached thereto. (Doc. 2). Petitioner paid the filing fee. (Doc. 5).

Named as sole Respondent in this habeas petition is David Ebbert, the Warden at USP-Canaan.[1] The habeas petition has not yet been served on Respondent for a response. In this §2241 habeas petition, Petitioner essentially claims that in November 2005, the federal sentencing court (U.S. District Court for the Eastern District of PA) improperly enhanced his federal sentence under 21 U.S.C. § 851 and imposed a sentence to life imprisonment by relying on two of his prior

---

[1] Petitioner named the correct Respondent since he is presently confined at USP-Canaan and Ebbert is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

state court drug crime convictions, of which Petitioner states he did not have the chance to challenge their validity. Petitioner also states that he did not admit to the charges in his two state prior drug crime convictions which were used to enhance his November 2005 federal sentence. Petitioner states that he was entitled to notice and an opportunity to challenge the validity of his two prior state convictions used to enhance his federal sentence. Petitioner also states that his two prior state drug crime convictions were not properly established to be used by the federal court in imposing his life-sentence. Thus, Petitioner claims that he is actually innocent of the §851 sentencing enhancement and his life-sentence.

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[2]

Based on this Court very recent decision in *Moore-Bey v. Ebbert*, Civil No. 12-1656, M.D. Pa. (J. Caldwell), 2012 WL 5199430 (M.D. Pa. Oct. 22, 2012), adopting our R&R, 2012 WL 5207463 (M.D. Pa. Sept. 10, 2012), which is directly on point with Petitioner Sacksith's habeas petition, we find that Petitioner Sacksith's remedy is a §2255 motion.

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

2

**II. Factual Background**.

On June 10, 2004, Petitioner Sacksith, was arrested by federal officials and on July 7, 2004, he was indicted on three counts, to wit: 1) conspiracy to distribute "MMDA," *i.e.*, ecstasy; 2) knowingly and intentionally possessing with intent to distribute and aiding and abetting the possession with intent to distribute methamphetamine and MMDA; and 3) committing the offense in Count 2 within 1000 feet of a public playground. Thus, Petitioner was charged with violating 21 U.S.C. §§ 841(a)(1), 846 and 860(a), and 18 U.S.C. §2. *See U.S. v. Sacksith*, 397 F.Supp. 2d 594 (E.D. Pa. 2005). On October 26, 2004, an "Information Supporting Enhanced Sentence pursuant to 21 U.S.C. §851" was filed by the government, in the U.S. District Court for the Eastern District of Pennsylvania, which placed Petitioner on notice that he was exposed to a mandatory life sentence for Counts 2 and 3 of his Indictment since he had two prior state felony drug convictions. Petitioner indicated to the Court that he wished to plead guilty and the Court held a change of plea hearing on December 6, 2004. Petitioner was clearly advised by the Court that if he plead guilty he would face a mandatory life imprisonment sentence. Petitioner was also advised by his defense counsel to cooperate with the government to try and avoid a mandatory life imprisonment sentence. Despite the advise of Petitioner 's counsel, Petitioner refused to cooperate with the government. Petitioner also still desired to plead guilty. After a complete and detailed colloquy, the Court accepted Petitioner 's guilty plea.

Prior to Petitioner's sentencing, Petitioner filed a motion to withdraw his guilty pleas claiming that his plea was not knowing and voluntary. The District Court conducted an evidentiary hearing and on November 1, 2005, denied Petitioner 's motion. *Id*. The District Court then imposed a life

imprisonment sentence on Petitioner based on a §851 enhancement due to Petitioner 's two prior drug convictions. Petitioner then appealed the District Court's denial of his motion to withdraw his guilty plea to the Third Circuit. *See U.S. v. Sacksith*, 248 Fed.Appx. 430 (3d Cir. 2007). On September 20, 2007, the Third Circuit Court affirmed the judgment of the District Court.[3] *Id*.

One year later, Petitioner filed a Motion with the District Court pursuant to 28 U.S.C. §2255. *See U.S. v. Sacksith*, 2010 WL 2270983 (E.D. Pa. June 3, 2010). On June 3, 2010, the District Court denied Petitioner 's §2255 motion. *Id.* The District Court found, in part, that Petitioner 's two prior drug trafficking felon convictions and the government's §851 Information "mandated" his life imprisonment sentence. It does not appear that Petitioner appealed the District Court's Order denying his §2255 motion to the Third Circuit Court of Appeals.

Petitioner then filed the instant §2241 habeas petition with the District Court for the Middle District of PA on December 19, 2012. (Doc. 1).

**III. Claims of Habeas Petition**.

As stated, Petitioner claims that his two prior state drug convictions should not have used by the United States District Court for the Eastern District of Pennsylvania to enhance his November 2005 sentence for his federal drug conviction. Petitioner claims that he is actually innocent of the § 851 enhancement he received on his current federal life-sentence based, in part, on his two prior state drug convictions because he claims that the District Court did not give him a chance to challenge the validity of his two prior state convictions and that these prior convictions

---

[3]The Third Circuit Court of Appeals stated the background of Petitioner 's federal criminal case in *U.S. v. Sacksith*, 248 Fed.Appx. 430 (3d Cir. 2007).

4

were not proven beyond a reasonable doubt at trial. Petitioner also states that he never admitted that he was guilty of the drug charges in his two prior state convictions. Petitioner relies upon the recent United States Supreme Court case of *Carachuri-Roasendo v. Holder*, –-U.S.—, 130 S.Ct. 2577 (2010), which he seems to claim was made retroactive to cases on collateral review by the United States Court of Appeals for the Third Circuit in *Garrus v. Secretary of PA Dept. of Corrections*, 694 F.3d 394 (3d Cir. Sept. 21, 2012). (Doc. 1, pp. 4-5). Petitioner states that in *Garrus v. Secretary of PA Dept. of Corrections*, the Third Circuit Court "granted federal habeas corpus relief from a sentence imposed under Pennsylvania['s] 'three strikes' law [and] held that [the] State's use of prior [convictions] to enhance [a] sentence was [an] unreasonable application of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)]." (*Id.*, p. 4). Petitioner contends that a §2255 motion is inadequate since his claim based on *Carachuri-Roasendo v. Holder* was not available to him at the time he filed his §2255 motion. However, Petitioner does not state that he attempted to file a Motion to file a second or successive §2255 motion, pursuant to 28 U.S.C. §2244(b)(3), with the United States Court of Appeals for the Third Circuit based on the *Carachuri-Roasendo* case and the *Garrus* case.

Petitioner concludes his habeas petition by stating that the §851 enhancement and life-sentence imposed by the United States District Court for the Eastern District of Pennsylvania was improper and exceeded the sentence permitted by law. Petitioner states that his §2241 [habeas petition] is allowable to claim his new substantive right [based on the *Carachuri-Roasendo* case and the *Garrus* case] and therefore applies retroactively to his case on collateral review where he necessarily carries a significant risk that he stands convicted of two prior convictions and faces a

5

punishment that the law cannot impose upon him." (*Id*., p. 5).  Thus, in his present habeas petition, Petitioner requests this Court to remove his §851 enhancement and essentially vacate his life-sentence.

We will recommend that the present habeas petition be dismissed for lack of jurisdiction since we find that §2255 is Petitioner Sachsith's remedy with respect to his claims. *See Moore-Bey v. Ebbert*, Civil No. 12-1656, M.D. Pa. (J. Caldwell), 2012 WL 5199430.  As mentioned, Petitioner is presently serving his federal life-sentence, imposed in November 2005, at USP-Canaan.

**IV. Discussion.**

We find that Petitioner Sacksith's present § 2241 habeas petition should be dismissed for lack of jurisdiction. *See Moore-Bey v. Ebbert*, Civil No. 12-1656, M.D. Pa. (J. Caldwell), 2012 WL 5199430; *Wallace v. Bledsoe*, 2011 WL 766646 (M.D. Pa. 2-7-11)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his state court conviction for unlawful restraint should not have been used by the federal sentencing court to sentence him as an armed career offender and enhance his federal sentence to 300 months since it was a "none existent state charge."); *Brown v. Bledsoe,* 2012 WL 92344 (M.D. Pa. Jan. 11, 2012)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his July 2004 federal sentence enhancement under U.S. Sentencing Guidelines as a §2K2.1(a)(2) based on two prior state court felony convictions was improper since one of his prior state convictions was illegal.).

Specifically, as in the recent cases of *Moore-Bey v. Ebbert*, *Wallace* and *Brown*, we find that § 2255 is an adequate and effective remedy for Petitioner Sacksith to raise his instant habeas

claims, namely, that he is actually innocent of the § 851 enhancement he received on his current federal life-sentence based on his two prior state drug convictions because he was not afforded the opportunity to challenge these convictions and these convictions were not proven beyond a reasonable doubt. *See also Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. (11-29-10); *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10). Petitioner contends that *Apprendi* requires this Court to follow the Third Circuit Court's recent decision in *Garrus*. In *Garrus,* the Third Circuit Court interpreted *Apprendi*. Initially, *Apprendi* was decided many years before Petitioner filed his §2255 motion with the District Court for the Eastern District of PA, and *Apprendi* "is not retroactive to cases on collateral review." *See U.S. v. George*, 2013 WL 42352, *2 (W.D. Pa. Jan. 3, 2013)(citing *U.S. v. Clarke*, 294 Fed.Appx. 694 (3d Cir. 2008)). Also, simply because Petitioner's first §2255 motion was denied by the United States District Court for the Eastern District of PA does not render a §2255 motion as inadequate or ineffective for Petitioner to raise his present claims. Additionally, as mentioned, Petitioner did not file with the Third Circuit Court of Appeals a motion to file a second or successive §2255 motion based on the *Carachuri-Roasendo* case and the *Garrus* case.

Suffice to say that, based on recent Middle District cases directly on point, we find Petitioner's present habeas claim must be raised *via* a 2255 motion. *See Moore-Bey v. Ebbert, supra; Wallace, supra; Brown, supra; Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893

(3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender). In fact, we find this Court's very recent decision in *Moore-Bey v. Ebbert,* in which Petitioner Moore-Bey relied upon the *Carachuri-Roasendo* case, to be directly on point with Petitioner Sacksith's case. In *Moore-Bey v. Ebbert*, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The federal sentencing court then enhanced Petitioner Moore-Bey's sentence, pursuant to 21 U.S.C. § 851, based on Petitioner's two prior North Carolina State drug convictions from August 1, 2000 and July 16, 2003, and sentenced Petitioner to a mandatory life sentence. Petitioner Moore-Bey claimed that his 2003 North Carolina State drug conviction should not have used to enhance his federal sentence since this conviction did not result in a sentence exceeding one year imprisonment, rather, it only resulted in a prison sentence of 9 to 11 months. In *Moore-Bey v. Ebbert,* this Court dismissed Petitioner's habeas petition for lack of jurisdiction since it found that Petitioner's remedy was a §2255 motion.

As stated, in the present case, Petitioner Sacksith has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claims. *See Moore-Bey v. Ebbert; Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted by 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner contends that § 2255 is inadequate or unavailable in light of the fact that his claim is based on two

cases decided after his §2255 motion was denied, namely, *Carachuri-Roasendo v. Holder* and *Garrus, supra*. As stated, Petitioner does not state that he filed a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit Court of Appeals to raise his instant claims based on *Carachuri-Roasendo v. Holder and Garrus*. Regardless, we find that Petitioner Sacksith's recourse is still §2255 even though he has not filed a motion to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3), with the Third Circuit Court of Appeals.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in

9

substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In *U.S. v. George, supra*, the District Court for the Western District of PA considered Defendant George's §2255 motion based on *Apprendi* as well as *Garrus*. The *George* Court stated that *Garrus* was decided by the Third Circuit Court and does not pronounce a "right newly recognized by the Supreme Court." 2013 WL 42352, *2.

In *U.S. v. St. Clair*, 2012 WL 1309368 (W.D. Pa. April 16, 2012), Petitioner, who was convicted of possession of a firearm by a felon under 18 U.S.C. §922(g)(1), filed a second §2255 motion and claimed that he was not guilty of any federal offense based on *Carachuri-Roasendo v. Holder* and *United States v. Simmons*. The Court in *U.S. v. St. Clair* stated that *Carachuri-Roasendo v. Holder* "dealt with the issue of under what circumstances a prior conviction for simple possession of a controlled substance can constitute an aggravated felony pursuant to 8 U.S.C. §1229b(a)(3)." Title 8 U.S.C. §1229b(a)(3) of the Immigration and Nationality Act ("INA") deals with an alien being allowed to file an application for cancellation of removal from the United States if he was not convicted of an aggravated felony. The Court in *U.S. v. St. Clair* stated that in *Carachuri-Roasendo v. Holder,* "the Supreme Court determined whether the statutory enchantments for recidivism in regard to simple possession under 18 U.S.C. §844 can render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised." 2012 WL 1309368, *2. Thus, in *Carachuri-Roasendo v. Holder,* "the [Supreme] Court addressed the issue of whether a second state misdemeanor conviction for possession of narcotics was an 'aggravated felony' barring a resident alien's petition for cancellation of deportation under

the [INA], ... ." *U.S. v. Garcia*, 2012 WL 72756, *1 (E.D. Pa. Jan. 10, 2012).

In *U.S. v. Garcia*, 2012 WL 72756, *2, the Court found that Defendant Garcia's reliance on *Carachuri-Roasendo v. Holder* in his §2255 motion was misplaced and that *"Carachuri-Roasendo* involved the interpretation of the INA, a completely different statute [than the state felony conviction of Garcia which carried a maximum sentence of greater than one year] and, did not address the definition of a prior felony under 21 U.S.C. § 851." In *U.S. v. Garcia*, 2012 WL 72756, *2, the Court concluded that "[u]nder §851, Garcia's prior state conviction was properly considered a prior felony drug offense" and that it was "irrelevant that [Garcia] only served a sentence of five years' probation. *See* 21 U.S.C. §§ 802(13), (44)."

The Court in *U.S. v. St. Clair* stated that its Petitioner was convicted under §922(g)(1) which "does not require a showing that he had been previously convicted of an aggravated felony, but rather that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." 2012 WL 1309368, *2. The *U.S. v. St. Clair* Court concluded that "*Carachuri–Rosendo* in no way altered the well-established rule that courts are to look at the maximum potential sentence for a prior conviction, and not the one actually imposed, in determining whether a defendant was convicted of a crime punishable by a term of imprisonment exceeding one year for purposes of Section 922(g)(1)." *Id*.(citations omitted).

Additionally, the Court in *U.S. v. St. Clair* found that *Carachuri-Roasendo v. Holder* "has not been made retroactive to cases on collateral review." *Id*. at *3(citing *Bogardus v. United States*, 2012 WL 292870 (S.D. Ga. Jan. 4, 2012)). As we did in the *Moore-Bey v. Ebbert* case, we again agree with the Courts in *U.S. v. St. Clair* and in *Bogardus v. United States* that *Carachuri-Roasendo*

11

*v. Holder* has not been made retroactive to cases on collateral review. *See Bogardus v. United States*, 2012 WL 292870, *6. We find that the cases of *Moore-Bey v. Ebbert*, *U.S. v. St. Clair* and *U.S. v. Garcia* make it clear that §2255 is the remedy for Petitioner Sacksith to raise his instant claims. We find that even under *Carachuri-Roasendo v. Holder,* the federal sentencing court in Petitioner Sacksith's case could still consider Petitioner's two prior drug convictions when it enhanced his sentence to life imprisonment under §851.

Further, on June 3, 2010, the District Court denied Petitioner Sacksith's §2255 motion. The *Carachuri-Roasendo v. Holder* case was decided on June 14, 2010, and Petitioner should have then filed a Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Third Circuit. In any event, we find that Petitioner Sacksith's remedy to raise his instant claims is to file a Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Third Circuit.

In the present case, Petitioner Sacksith was convicted of violating 21 U.S.C. §§ 841(a)(1), 846 and 860(a), and 18 U.S.C. §2. The federal sentencing court (District Court for the Eastern District of PA) then enhanced Petitioner's sentence, pursuant to 21 U.S.C. § 851, based on Petitioner's two prior state drug convictions, and sentenced Petitioner to a mandatory life sentence. As stated, prior to Petitioner's guilty plea and prior to Petitioner 's sentencing, he was clearly advised that the government was going to seek a §851 enhancement. Nonetheless, Petitioner chose not to cooperate with the government and to plead guilty. Petitioner now claims that his two prior state drug convictions should not have been used to enhance his federal sentence since he was not given the chance to challenge these convictions and since these convictions were not proven beyond a

reasonable doubt during his federal sentencing. Based on this Court's recent decision in the case of *Moore-Bey v. Ebbert*, Petitioner Sacksith's remedy is a §2255 motion. Moreover, as stated, we again concur with the Courts in *U.S. v. St. Clair* and in *Bogardus v. United States* that *Carachuri-Roasendo v. Holder* has not been made retroactive to cases on collateral review.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104; *see also Middleton v. Ebbert*, 2011 WL 4048777 (M.D. Pa. Sept. 12, 2011).

Based on *Moore-Bey v. Ebbert* and *Brown*, as well as *Wallace*, *Blum* and *DiFilippo*, we find that this Court is clearly without jurisdiction to consider Petitioner Sacksith's § 2241 habeas petition. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under § 2255 with respect to his 2005 federal sentence. Thus, Petitioner's contention that his current federal sentence of life imprisonment was impermissibly based on the sentencing court's enhancement under §851 due to one of his two prior state court drug convictions, should be raised in a § 2255 motion. *See Moore-Bey v. Ebbert, supra; U.S. v. St. Clair, supra* and *U.S. v. Garcia,*

*supra*. Petitioner Sacksith must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*. Further, Petitioner does not claim that he is actually innocent of the federal drug crimes for which he was convicted. Rather, Petitioner claims that his life-sentence was impermissibly enhanced based on two prior state drug convictions. The exception created in *Dorsainvil* does not apply in this case and Petitioner cannot seek relief under §2241. *See Okereke,* 307 F.3d at 120-21; *Moore-Bey v. Ebbert*, *supra*.

In this case, even though Petitioner Sacksith has already filed a § 2255 motion regarding the life-sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from the circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta,

"[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

Thus, we will recommend that the District Court summarily dismiss Petitioner Sacksith's habeas petition under Rule 4 since we find that Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit Court of Appeals. *See Moore-Bey v. Ebbert, supra; Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.); *Bush v. Elbert*, 299 Fed. Appx. 147 (3d Cir. 11-14-08)(Third Circuit found that inmate's remedy for his claim that his federal sentence was improperly enhanced under the ACCA was a §2255 motion). As in *Moore-Bey v. Ebbert* as well as in *Bush*, our Petitioner makes no claim that he is actually innocent of his November 2005 drug convictions, and Petitioner's present habeas claims are clearly an attack on the legality of the life-sentence imposed on him by the United States District Court for the Eastern District of Pennsylvania. Thus, Petitioner cannot "evade the gatekeeping requirements of §2255 by seeking relief under §2241." *Bush v. Elbert*, 299 Fed. Appx. at 149; *Middleton, supra*.

Based upon the well-settled case law, we shall recommend that Petitioner Sacksith's Habeas Corpus Petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on

Respondent.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Sacksith's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

                                                      **s/ Thomas M. Blewitt**
                                                      **THOMAS M. BLEWITT**
                                                      **United States Magistrate Judge**

**Dated: January 23, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XANG SACKSITH, | : | CIVIL ACTION NO. **1:CV-12-2543** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **January 23, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                              <u>s/ Thomas M. Blewitt</u>
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: January 23, 2013**