IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

XANG SACKSITH, :
        Petitioner :
         :
    vs. : CIVIL NO. 1:CV-12-2543
         :
DAVID EBBERT, :
        Respondent :
         :
         :

*M E M O R A N D U M*

The pro se petitioner, Xang Sacksith, has filed a petition under 28 U.S.C. § 2241 challenging the life sentence imposed on him by the United States District Court for the Eastern District of Pennsylvania after he pled guilty in December 2004 to drug-trafficking offenses. Petitioner claims to be actually innocent of the two prior state-court drug-trafficking convictions that led to the life sentence being mandatory.

We are considering the report and recommendation of the magistrate judge, which recommends, upon an initial review, that the 2241 petition be dismissed for lack of jurisdiction as Petitioner's proper avenue of relief is by way of a motion under 28 U.S.C. § 2255 in the Eastern District of Pennsylvania. In reaching this conclusion, the magistrate judge rejected Petitioner's argument that he can invoke section 2241 because the two cases upon which he bases his petition, *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), and *Garrus v. Secretary of the Pennsylvania Dep't of*

*Corr.*, 694 F.3d 394 (2012)(en banc), were not available for his use in prior proceedings, including his section 2255 proceedings.

Petitioner has filed objections (Doc. 8) to the report and recommendation. The objections appear to be: (1) the Third Circuit permits him to file a 2241 petition when section 2255 is inadequate or ineffective, and section 2255 is inadequate or ineffective because *Carachuri-Rosendo* and *Garrus* were decided after he had filed his 2255 motion; (2) *Carachuri-Rosendo* has been made retroactive to cases on collateral review, so Petitioner can pursue that claim by way of section 2241; (3) the magistrate judge has misinterpreted *Carachuri-Rosendo* as it relates to the merits; and (4) other cases cited by the magistrate judge in support of dismissal are distinguishable.

We have considered Petitioner's filings, the magistrate judge's report and the objections, and we agree with the magistrate judge that we lack jurisdiction to consider the 2241 petition. We will therefore adopt the report and recommendation. We do, however, add the following to the recitation of the procedural history. First, after the district court denied Petitioner's 2255 motion, he did file an application with the Third Circuit for a certificate of appealability, which the court of appeals denied. *United States v. Sacksith*, No. 10-2868 (3d Cir. Oct. 21, 2010). Second, Petitioner did seek approval from the Third Circuit to file a second 2255 motion raising a claim under *Garrus*, which was denied. *In re Sacksith*, No. 12-4024 (3d Cir. Dec. 3, 2012).

Even if we had jurisdiction, it does not appear that the petition has merit. In *Carachuri-Rosendo*, the Supreme Court held that a state-court conviction in which an

alien was not charged as a recidivist, even though the facts would have supported such a charge, did not qualify as an aggravated felony under federal immigration law that would exclude an alien from seeking cancellation of removal. ___ U.S. at ___, 130 S.Ct. at 2589-90. As partial support for its reasoning, the Court did note 21 U.S.C. § 851(a), which requires the United States to file a notice before it can seek a statutorily enhanced sentence for prior convictions. ___ U.S. at ___, 130 S.Ct. at 2586. However, we fail to see that as an issue here as Petitioner had been given the section 851(a) notice. *See United States v. Sacksith*, 397 F. Supp. 2d 594, 595 (E.D. Pa. 2005). *Carachuri-Rosendo* does not assist Petitioner.

In *Garrus*, the Third Circuit held that the Pennsylvania state courts had unreasonably applied *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in allowing a sentencing court to find the facts that qualified the defendant's prior conviction for second-degree burglary as an offense that was really a first-degree burglary, thereby resulting in an increased sentence under Pennsylvania's three-strikes law. 694 F.3d at 412. *Garrus* does not assist Petitioner because he does not allege that his sentencing judge made any fact finding on his prior state convictions that increased his sentence.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

March 1, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

XANG SACKSITH, :
    Petitioner :
:
vs. : CIVIL NO. 1:CV-12-2543
:
DAVID EBBERT, :
    Respondent :
:
:

*O R D E R*

AND NOW, this 1st day of March, 2013, upon consideration of the report (Doc. 7) of the magistrate judge, filed January 23, 2013, and Plaintiff's objections (Doc.8) thereto, and upon independent review of the record, it is ordered that:

    1. The magistrate judge's report (Doc. 7) is adopted.

    2. The 28 U.S.C. § 2241 petition (Doc. 1) is dismissed for lack of jurisdiction

    3. The Clerk of Court shall close this file.

                                     /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge